UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STONEY GLENN,

    Plaintiff,

v.                                                Case No. 4:22-cv-194-WS/MJF

A. LADELE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's complaint and motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because the Middle District of Florida is the appropriate venue, this case should be transferred to the United States District Court for the Middle District of Florida.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections confined at Santa Rosa Correctional Institution Annex. Doc. 1 at 2. Plaintiff is suing Defendant, the medical director at the Reception and Medical Center ("RMC") in Lake Butler, Florida. *Id.*

Plaintiff alleges that in 2015, he was housed at RMC for "nephrodic [sic] syndrome," a disorder that increased Plaintiff's blood pressure. *Id.* at 5. Plaintiff alleges that he did not receive proper medical treatment and, as a result, he fell, hit

his head on the ground, and lost consciousness. *Id.* Plaintiff was then transported to "Jacksonvile [sic] hospital," where doctors determined that Plaintiff had a brain aneurysm. Plaintiff alleges that he continues to experience an altered mental state, seizures, a loss of eyesight, and left-side pain.

Plaintiff asserts a claim under the Due Process Clause of the Fourteenth Amendment and requests as $20 billion in damages as relief. *Id.* at 7.

## II. Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *Id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. Plaintiff asserts that the events giving rise to this case occurred at RMC in Lake Butler, Florida. This institution is located in the Middle District of Florida. Thus, it is likely that any evidence relevant to this case, including any witnesses, is located in the Middle District of Florida. Additionally, this case's only connection to the Northern District of Florida appears to be Plaintiff's current confinement at Santa Rosa Correctional Institution Annex. As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **TRANSFER** this case to the United States District Court for the Middle District of Florida.

2. Order the clerk of the court to close this case file.

At Pensacola, Florida, this 17th day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** See **N.D. Fla. Loc. R. 72.2;** see also **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**